AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Johnell Smith | ) | Case No. |
| Jasmine Mack | ) | 15-3050-M |
| | ) | |
| Defendant(s) | ) | |

FILED
JUL 2 3 2015
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 23, 2015__ in the county of __Sangamon__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) & (b)(1)(B), and 18 U.S.C. 2 & 21 U.S.C 841(a)(1) & (b)(1)(B) | Possession of 100 grams or more of heroin with intent to distribute. Aiding and Abetting the Possession of 100 grams or more of heroin with intent to distribute |

This criminal complaint is based on these facts:
See affidavit of DEA S.A. John Yacup

☐ Continued on the attached sheet.

s/John Yacup

*Complainant's signature*

DEA Special Agent John Yacup

*Printed name and title*

Sworn to before me and signed in my presence.

s/Tom Schanzle-Haskins

*Judge's signature*

Date: 07/23/2015

City and state: Springfield, Illinois

HONORABLE TOM SCHANZLE-HASKINS

*Printed name and title*

STATE OF ILLINOIS )
) ss
COUNTY OF SANGAMON )

## AFFIDAVIT

John Yacup, being first duly sworn, hereby deposes and states:

1. I am a Special Agent with the Drug Enforcement Administration currently assigned to the Springfield, Illinois Resident Office (RO). I have been employed with the Drug Enforcement Administration since 2005. From 2005 to 2008, I was a Diversion Investigator and investigated the illegal diversion of pharmaceutical controlled substances and List I chemicals. In 2008 I attended DEA's Basic Agent Training and was assigned to the Springfield, Illinois Resident Office. I have worked there since that time. I have received specialized training in various aspects of narcotics investigations. I have prepared numerous criminal affidavits, executed search warrants, and testified at criminal trials during my participation in numerous drug investigations.

2. This affidavit is made in support of an application for a Complaint charging Johnnell A. Smith with Possession with Intent to Distribute a controlled substance, heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and Jasmine Mack with Aiding and Abetting the Possession with Intent to Distribute 100 Grams or More of a Controlled Substance, heroin, a Schedule I controlled substance, in violation of 18 U.S.C . § 2 & 21 U.S.C. § 841(a)(1). Arrest Warrants for Johnnell A. Smith and Jasmine Mack are requested.

3. I am familiar with the following facts based upon my own personal knowledge of this investigation, the investigation of other law enforcement officers, or information officially furnished to me by other law enforcement officers.

4. In July 2015, Officers from the Springfield Police Pro-Active Crime Unit (PAC) provided agents from DEA with information which indicated a subject, identified as Johnnell Smith, a/k/a "Showtime" was actively distributing heroin and codeine or Hydrocodone oral concentrate in the Springfield, IL area. Officers advised during the past month, a Springfield PD Confidential Source (hereafter referred to as CS) was utilized to conduct controlled purchases of multiple grams of purported heroin from Smith. Officers advised that during these purchases, Smith sometimes utilized couriers to deliver the heroin, and Officers reportedly identified one of the couriers as Jasmine D. Mack. SPD Officers reported during a controlled purchase operation, Mack had delivered purported heroin to the CS, and this substance later field tested positive for the presence of heroin.

5. In July 2015, agents from DEA, the Illinois State Police (ISP) Central Illinois Enforcement Group (CIEG) and Springfield PD conducted multiple controlled purchases of heroin from Smith, utilizing the Springfield PD CS (referred to previously). During these controlled purchases, Mack was identified as the driver of the vehicle utilized by Smith to distribute the heroin. After each controlled purchase, the purported heroin obtained by the CS was subsequently field tested for the presence of heroin, and each test produced positive results.

6. On 07-15-15, agents obtained a federal Tracking Warrant in the Central District of Illinois for a 2007 Toyota 4-door bearing IL registration CY4562, which had been identified as being utilized by Johnnell Smith and Jasmine Mack to distribute controlled substances in Springfield. On 07-17-15, at approximately 12:30am, a GPS device was installed on the subject Toyota and agents began monitoring GPS data.

7. On or about 07-21-15, the Springfield PD CS had reportedly informed Officers that during a conversation with Smith, Smith reportedly indicated he (Smith) was going to be taking a trip to obtain a quantity of heroin. The CS reported this trip by Smith was supposed to occur within the next couple days.

8. On 07-22-15, agents observed, via the GPS tracking data, the 2007 Toyota began traveling north out of Springfield. Agents observed via the GPS tracking data the Toyota traveled to the Grand Rapids, MI area, then to Chicago later on 07-22-15. Agents conducted surveillance of the Toyota while in Chicago, and identified both Jasmine Mack and Johnnell Smith as the occupants in the vehicle. Agents observed the Toyota travel to multiple locations in Chicago.

9. On 07-23-15, at approximately 4:30am, agents/officers observed, via the GPS tracking data the Toyota began traveling south on I-55 from Chicago. At approximately 6:00am, agents observed the Toyota traveling south on I-55. At approximately 6:30am, a marked Springfield PD Patrol Officer conducted a traffic stop on the Toyota for a lane violation and speeding on I-55 in Sangamon County, IL.

10. The Officers conducting the traffic stop reported observing the passenger, subsequently identified as Smith making movements inside the vehicle, possibly attempting to conceal something in his waist area or the seat, as the traffic stop was being conducted. The Officer identified the driver as Mack and passenger as Smith. The Officer reported when an ISP Trooper arrived, the SPD Officer asked Smith to exit the vehicle, and advised Smith he had observed that Smith appeared to be attempting to conceal something in his waist area. The Officer reported he could physically see a bulge concealed in the back area of Smith's waistline when Smith pulled-up his pants. The

Officer reported when he asked Smith about the bulge, Smith indicated there was nothing there. The Officer reported he handcuffed Smith, and then retrieved the item from Smith's rear area. The Officer retrieved a zip-lock plastic bag which contained a brownish-rock substance.

11.   Both Smith and Mack were arrested and transported to the DEA Springfield Office for questioning. Smith was advised of the Miranda Warnings and indicated he understood his rights. When asked if he wanted to speak with agents, Smith indicated he had some questions for agents, but Smith also indicated he thought his attorney should be present. No further questions were asked of Smith.

12.   Agents advised Mack of the Miranda Warnings, and Mack indicated she understood her rights, was willing to speak with agents, and signed a DEA Advice of Rights form. Mack reported they left Springfield the previous day to drop-off Smith's brother in Michigan, then traveled to Chicago. At first Mack indicated while in Chicago she and Smith only went to eat, visit Smith's mother and departed early. Mack later indicated they made additional stops at locations in Chicago, but Mack indicated she did not really know anything about those stops.

13.   Mack reported knowing Smith since approximately 2009, when she moved to Springfield. Mack stated she did not know Smith to have a job or to ever have worked. Mack reported Smith lived with a girl off Dirksen Parkway, and described the area of Texas Circle (previously identified by agents). Agents advised Mack she was also a target of this investigation, and that purchases of heroin were made from her and Smith, while she was driving her vehicle. Mack denied knowing anything about Smith being

involved in heroin distribution. Mack reported she provides Smith with rides, but reported that was only on a limited basis.

14. Agents later conducted a presumptive field test for heroin on the substance seized from Smith, and the test produced positive results. The gross weight of the substance seized from Smith was approximately 206-grams.

s/John Yacup

John Yacup, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 23rd of July, 2015.

s/Tom Schanzle-Haskins

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE